No. 9792.

KEITH *v.* SCHUCK.

1. PRACTICE IN ERROR—*Harmless Error.* Complaint containing two causes of action alleged to be inconsistent. Demurrer for misjoinder, and motion to compel an election denied; but the court limited plaintiff's recovery to what was demanded in one of the counts. *Held* to render the error harmless.

A decree appropriate to a suit in equity after judgment at law was held no reason to remand the cause.

2. EQUITY—*Rescission of Contract—Return of Things Purchased.* Machinery purchased by plaintiff in reliance upon false representations of defendant. Offer to return refused. In fact the machinery was under chattel mortgage executed by plaintiff,

at the time of the refusal, but was not assigned as the ground of the refusal by the defendant. A release of the mortgage produced at the trial was held to render harmless any rulings of the court as to the effect of the mortgage.

*Error to Jefferson District Court, Hon. S. W. Johnson, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Messrs. QUAINTANCE, KING & QUAINTANCE, and Mr. GEORGE J. HUMBERT, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is an action by the buyer against the seller of certain personal property. The plaintiff seeks to recover back the purchase money, on the theory that he had rescinded the contract of sale on the ground of fraud. The complaint also contains a cause of action for damages. The plaintiff was successful in the court below as to the recovery of the purchase money, and makes no complaint here of the failure to recover upon his claim for damages. The defendant brings the cause here for review, and has applied for a supersedeas.

The plaintiff in error, defendant below, contends that there is a misjoinder of causes of action in the complaint.

The complaint, as amended, for a first cause of action alleges, in substance, that on or about October 8, 1918, Charles F. Schuck, the plaintiff, purchased from the defendant, C. W. Keith, "one B. F. Avery Tractor or Motor, together with two disc and two Mold Board Plows and the fixtures and equipment going with the same, for the purchase price of $1,410.00"; that the purchase of the property was induced by certain false representations made by the defendant; that upon the discovery of the falsity of the representations, the plaintiff immediately elected to rescind the sale, notified the defendant to that effect, and tendered and delivered the property back to the defendant. It is conceded, or at least we find, that the first

cause of action is one for the recovery back of the purchase money on the theory that the plaintiff had rescinded the contract on the ground of fraud.

The second cause of action sets up the fraud alleged in the first cause of action, and alleges, in substance, that because of such fraud the plaintiff was unable to plow certain lands which, in reliance upon defendant's alleged representations, he had contracted to plow. Damages are claimed on this account.

The defendant's contention, above mentioned, that there is a misjoinder of causes of action, is based upon the theory that the second cause of action is one which affirms the contract, and therefore inconsistent with the first cause of action. The plaintiff, on the other hand, contends that the second cause of action disaffirms the contract, and that the damages sought to be recovered are merely incident to the first cause of action.

To raise the question of misjoinder of causes of action, the defendant filed a demurrer to plaintiff's replication, on the theory that the demurrer would be carried back to the complaint. The demurrer was overruled. The question of misjoinder was again presented by a motion to compel the plaintiff to elect upon which cause of action he would proceed. The motion was denied.

Error is assigned to the overruling of the demurrer and the motion. Assuming, without conceding or deciding, that the defendant's contention as to misjoinder of causes of action is well founded, and that the court erred in overruling the demurrer, and again erred in denying the motion to compel election, the record shows that such errors were harmless. The conclusion just stated results from the fact that the trial court in its instructions to the jury limited plaintiff's recovery, if any there should be, to that sought only in the first cause of action. Where a court limits recovery to one cause of action, a misjoinder of causes of action is not a ground for reversal. 4 C. J. 928, sec. 2902. The overruling of a demurrer for misjoinder of causes of action is harmless error where only one cause of action is

submitted to the jury. 4 C. J. 935, sec. 2909. Where the court, after hearing the evidence, eliminates one of the causes of action, rulings refusing to compel an election do not constitute prejudicial error. 4 C. J. 943, sec. 2918.

The plaintiff in error further contends that the plaintiff below "was unable to put the defendant in *statu quo*", and therefore could not rescind the contract and his only remedy, if any, was damages for breach of contract. This contention involves the facts relating to plaintiff's return of the property, and his compliance with the rule that a buyer must as a condition precedent to rescission restore, or offer to restore the property to the seller.

It is admitted in the pleadings that "the plaintiff offered to deliver" to the defendant the property purchased, which is generally referred to in the briefs as the "tractor". The plaintiff in error, however, claims that the plaintiff could not, and did not, restore or offer to restore the consideration, because of the fact that he had placed a chattel mortgage upon the tractor, which mortgage was a valid and subsisting lien on the property at the time it was returned or offered to the defendant.

Whatever may ordinarily be the effect of placing a chattel mortgage upon property which is afterwards returned to the seller in an attempt by the buyer to rescind the sale, it does not warrant a reversal of the judgment in the instant case. It is not disputed that at the time the tractor was returned to the defendant, he refused to accept it. He did not refuse to receive the property upon the ground that a lien existed thereon. Had the refusal been made upon such ground, the plaintiff might have made his tender good by procuring and delivering to the defendant a release of the mortgage. 2 Black on Rescission, etc., sec. 620. The plaintiff did not, after the return of the tractor, treat it as his own. The defendant did, or at least could have, possession of the property. The mortgage was eventually released. At the time of the trial, the plaintiff introduced in evidence a release of the mortgage. If the rescission was faulty, which we do not concede, the

defendant was not prejudiced thereby. We are of the opinion that under the admitted facts, above mentioned, the defendant's substantial rights were not affected by any rulings at the trial with reference to the effect of the chattel mortgage.

The plaintiff in error complains of a decree which was entered by the court after a judgment in favor of the plaintiff upon the verdict was ordered entered. The decree appears to be one appropriate in a suit in equity to rescind. It purports to reinvest defendant with title to the property, and rescinds the contract of sale. If such a decree is improper, or even if it is' void, merely because the action was one at law based on a rescission by the act of the plaintiff, it affords no reason for remanding the case, and plaintiff is still entitled to the judgment on the verdict for the sum of $1,410.00, the purchase price of the tractor. The entry of the subsequent decree benefited de-fendant more than plaintiff, and if such entry was error, it is not an error of which defendant can complain.

Other questions are discussed in the briefs, upon which no opinion will be expressed other than to say that there is sufficient, evidence to support the judgment and that there is no reversible error in the record.

The application for a supersedeas is denied. The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.